Chandler v. Ward.

----

## Frank R. Chandler v. Clara E. Ward.

1. Amendments—*After the Master's Report.*—After the master's report and the objections thereto are filed in the court below, it is not an abuse of the discretion reposed in the trial court to deny a motion for leave to file amendments to cross-bill.

2. USURY—*Under Name of Commissions.*—A party can not be allowed to collect or receive usury by simply calling the same commissions.

**Bill of Foreclosure.**—Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Decree for complainant; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

**Statement.**—May 7, 1896, this bill of complaint was filed in the Circuit Court of Cook County. It is not deemed necessary to state fully the details of the many complications in this case, but it is believed that the following statement of fact, in connection with such facts as appear in the opinion, is sufficient to enable the reader to understand the questions involved and the views of the court.

Appellee made nine loans from the firm of P. R. Chandler & Co. After this case was at issue, and after a part of the testimony had been taken before the master, Peyton R. Chandler departed this life, leaving the appellant the only surviving member of said firm. The death of said Peyton R. was suggested of record, and this suit thereafter continued in the name of appellant as such survivor. In this statement, from this on, and in the opinion of the court, unless otherwise specially stated, appellant will be regarded and spoken of as though he had been originally the only person interested in said firm.

The payment of three of these loans, five years after date, is secured by notes and trust deeds, dated October 1, 1895. The payment of the other six of said loans, three years after date, is secured by notes and trust deeds, dated November 25, 1895. All of said notes and trust deeds are executed by appellee and her husband. Each one of said nine trust deeds conveys real estate belonging to appellee. The interest on each and all of said loans is at the rate of six per cent per annum, payable semi-annually, and is evidenced by interest coupons. The aggregate amount of said loans, exclusive of interest, is $21,900. They are what are called " building loans." All of said notes are payable to the order of the makers thereof, and are by them indorsed in blank.

On behalf of appellant it is contended that the buildings to be erected upon the several lots described in said trust deeds were each to cost specified sums. On the part of appellee it is contended that such buildings were to be like certain other designated buildings, without regard to the question of cost. Appellee erected a building upon each one of said lots which did not cost more than about one-third the amount which appellant claims was to be the cost thereof, but which were substantially like the buildings which appellee claims were agreed upon as the pattern. Appellant paid to appellee on account of said loans $1067.81, and declined to pay any further sum on account thereof.

As to the first three of said loans, they being for five years, a commission of six per cent, and as to the other six of said loans, they being for three years, a commission of five per cent, was to be paid by appellee to appellant. This, it is contended by appellee, constitutes usury.

The original bill of complaint prays for an accounting as to said nine loans, and as to what is there called " said exorbitant and usurious commissions;" that said trust deeds be decreed to be clouds upon appellee's title; that they be set aside, and said notes be surrendered and canceled; and that if appellant has sold said notes, or for any other reason this can not be done, appellant be decreed to consummate the loans and pay to appellee the balance thereof.

. Prior to the making of any of said nine loans, appellant had made to appellee twenty-one other building loans. Notes, interest coupons and trust deeds were made for each of said twenty-one loans, substantially the same as for each one of said nine loans. All of the principal notes and the interest coupons in the thirty loans had been sold and delivered by appellant to various purchasers prior to the filing of said bill of complaint. They were not indorsed by appellant or his firm, and there is no contract liability shown to exist upon the part of appellant upon said notes or either of them.

On behalf of appellant it is contended that in equity all of said thirty loans should be treated as one transaction;

that the several buildings erected upon the lots embraced in said twenty-one loans were not of the kind or value agreed by appellee to be erected; that appellee thereby perpetrated a fraud upon appellant and upon the owners of said securities; that appellant did not discover such fraud until after said nine loans had been negotiated and the papers securing the same executed and delivered; and that therefore appellant declined to pay to appellee any further sum on account of said nine loans.

The original bill refers to the nine loans only, and makes no mention of the other twenty-one loans. Upon answering said original bill, appellant filed a cross-bill, setting out said twenty-one loans, and praying that appellee be decreed to fulfill the agreement as to erecting buildings of the value claimed by appellant to have been agreed upon, and that in case the performance of such agreement is now impracticable, then, as stated in the prayer of said cross-bill:

" That all such loans be equitably scaled down, so that the amounts then outstanding as loans against said premises shall bear the same ratio to the cost of land and buildings as the amounts originally loaned thereon, bear to the valuation of land and buildings contained in said written applications for loans, and that if it shall be found that cross-complainants have advanced more than they were equitably required to advance at such a ratio, then that a decree be entered for such excess and that execution issue therefor."

Alfred L. Ward (the husband of appellee) and "the unknown owners and holders of said notes and trust deeds" are made parties defendant to said original bill. They are not brought into court, and do not appear or answer the bill, neither is the bill dismissed as to them. Appellee and said Alfred L. Ward are made defendants in said cross-bill and answer the same, thereby substantially admitting the allegations of the original bill to be true. In the brief for appellee filed in this court, it is proposed to file a written stipulation by said Alfred L. Ward, binding him by this proceeding, as if he had answered the original bill.

The final decree entered by the Circuit Court provides that appellant procure possession of the several notes and

trust deeds pertaining to said nine loans, and cause said trust deeds to be released of record and said notes canceled and surrendered within thirty days, and that simultaneously therewith appellee pay to appellant the sum advanced by appellant to appellee on account of said nine loans, viz., $1,067.81, and that in case appellant shall not procure such release, surrender and cancellation upon the payment by appellee of such advances, that then appellant pay to appellee the balance of the amount of said loans, viz., $20,842.19. The decree disallows the commissions to appellant, and allows to appellee interest on the balance found not to have been paid to appellee by appellant at the same rate appellee is bound to pay therefor by said notes and interest coupons. It is also decreed that said cross-bill be dismissed for want of equity, and that appellant pay the costs to be taxed.

The money necessary to complete said loans is in the hands of appellant, and was by him credited to appellee.

Stillman & Martyn, attorneys for appellant.

St. John & Merriam, attorneys for appellee.

Mr. Justice Horton delivered the opinion of the court.

Buildings have been erected upon the lots conveyed as security in all of the loans mentioned in this case. If they are not in accordance with agreements between the parties, it is impracticable now to make them so. Hence the rights of the parties must be settled upon the existing facts and situation.

And first as to the parties. Alfred L. Ward was made a party defendant to said original bill, but was never served and did not answer. Appellee may file in writing in this court within ten days such a stipulation by Alfred L. Ward as shall bind him and fully protect appellant. It would seem that said Alfred L. Ward is now estopped and bound by this record, but such a stipulation will remove all question as to that.

As to the unknown owners of the notes. Appellant in his brief and argument says that he "individually and on

behalf of the legal holders of the notes referred to in the answer, appeared and answered the bill." Also, " that appellant is personally responsible for any loss they (purchasers of the notes) may sustain upon said loans." Also, that, "appellant himself has a sufficient interest and the necessary privity of contract to insist upon performance of the agreements."

Assuming these positions and statements to be correct, and it does not lie in the mouth of appellant to hereafter deny them, the owners of the notes in question are before the court in so far as it is necessary that they should be in order to determine as between appellant and appellee their respective rights, duties and obligations to each other. Appellant should not be permitted to say that he appeared and answered the bill on behalf of the owners of the notes; that he is personally responsible for any loss they may sustain; that he is entitled to insist upon the performance by appellee of her contracts; that he is an agent acting for an undisclosed principal and custodian and active trustee of the fund, and entitled to act for the *cestui que trust* coupled with an interest on his part; that the money is in his hands to consummate the loans; and then say that because such undisclosed principals are not formally brought into court, the court can not adjudicate as between the appellant and the appellee; and this too, when appellant fails to disclose the principals, he apparently being the only party to this proceeding who knows who they are. He nowhere states that he does not know who and where they are. If appellant is correct in his statements, such owners are bound by the decree herein. If he is not correct, still the court below had jurisdiction to adjudicate as between appellant and appellee. Appellant will not be permitted to play fast and loose as to whether such owners are or are not before the court, when, by his own statements in his briefs, he appears in this case for and represents them. Whether as between appellee and said owners, the latter are bound by said decree, we do not assume to here determine.

After the master's report and the objections thereto had been filed in the court below, appellant moved the court

Chandler v. Ward.

for leave to file amendments to cross-bill. That motion was denied. We do not think that in denying this motion there was any abuse of the discretion reposed in the trial court. It was not error.

It is contended on the part of appellant that he is the active trustee of the holders of all the notes in all of the thirty loans, and that as such he represents such holders and their interests. Suppose that to be so, still that does not change the situation as to the rights of appellee. Suppose that all of these holders agree among themselves that the money in the hands of appellant, not paid over to appellee in the matter of the nine loans, should be used and applied in "scaling down," as asked in the prayer of the cross-bill, appellee is not bound by such agreement. We know of no rule of law by which appellee can be held to be bound thereby, or which would require appellee to assent thereto. Appellant represents such holders severally as well as jointly. Appellee's obligations to said holders and each of them severally is not changed because they all choose the same agent and active trustee. Neither can her rights be changed or abridged by the joint action or agreement of said holders to which she does not assent. We know of no principle of law or equity by which the holders of the notes in the twenty-one loans can sustain a claim upon the money in the hands of appellant on account of the nine loans without the consent of appellee. Their respective rights as against appellee are not changed because they are represented by the same agent and active trustee. The effect of the scaling down, as asked in the prayer of the cross-bill, would be to require appellee, without her consent and against her protest, to accept loans upon her thirty pieces of property in the aggregate about $20,000 less than the amount agreed upon by her. This can not be done. The court has no power to make new and different contracts for appellee. The cross-bill was properly dismissed.

The first three of the loans described in the original bill are for five years, with interest at six per cent per annum. The other six of said loans are for three years, with inter-

est at five per cent per annum. In all of said nine loans the interest reserved and the commissions, when taken together, amount to more than seven per cent per annum, the highest rate of interest allowed to be contracted for in this State. We are satisfied from the record as a whole that the commissions and interest contracted for should be taken together in considering this question, and that the contract was usurious. The appellant can not be allowed to collect or receive usury by simply calling the same commissions. There is no error in the finding and decree of the Circuit Court as to the charge for commissions.

It is also contended that the court below erred in fixing the amount to be paid by appellee to appellant in case of the return by appellant of the securities, and in fixing the amount to be paid by appellant to appellee in case such securities are not so returned, without a reference to a master to take the accounting. This point is not well taken. There were no complications as to any accounting. It was a very simple matter to fix the sums named. It would have been an unnecessary and useless expense and delay to have made such reference.

Assuming appellant's contention to be correct that appellee failed to erect buildings of the cost and kind as agreed, upon the lots involved in said nine loans, it is impracticable to now make them so. What is the effect? It constitutes a breach of the contract by appellee. Appellant refused to pay any more money on account of said loans because of such breach. He thereupon, in effect, elected to treat the contract as at an end. That was the situation when this bill was filed. If it be conceded that appellant's contention is correct that appellee failed to erect buildings of the kind and value agreed upon, it does not follow that appellee has no rights in the premises which a court of equity will protect and enforce. Appellant should not and will not be permitted to keep the money and still have the notes and trust deeds outstanding as valid and binding. He says that he represents and speaks for the owners of said notes. If there was any damage arising from a breach

of said contract, appellant might be allowed therefor, but none is charged or proven.

Appellant invokes the application of the rule that " He that hath committed iniquity shall not have equity." This is not a case for the application of that rule. Appellee is not here seeking to profit by her own default or breach of contract. Her position is, in effect, that if appellant insists that the contracts are still in force, that he must then perform on his part. He can not successfully contend that by reason of the breach on the part of appellee, he is not bound to perform, but that he may, at the same time, and in a court of equity, insist upon the performance of the contract by her. Appellee is entitled to have said notes and trust deeds canceled and released upon repaying the amount she has received on account thereof, or in default of such cancellation and release, to have paid over to her so much of said loans as she has not received which is still in the hands of appellant. That one or the other of these should be done, is provided by the decree, and appellant is thereby allowed to elect which shall be done.

If appellant elect to procure and return to appellee, duly canceled and released, the notes and trust deeds in said nine loans given, then the sum which should be paid to appellant by appellee should bear interest from the time it was received by appellee until paid. The decree, as entered, does not provide for the payment of such interest, and is in that respect erroneous. If appellant do not elect, as provided in said decree, to procure and return said notes and trust deeds, then appellant should pay to appellee the balance of said loans with interest thereon at the rate fixed in said notes, as provided by said decree.

It is objected by appellant that the court below, after finding that each of said loans is a separate and independent transaction, treats them as a whole, so that the entire sum to be due appellee upon all of them must be paid upon default in the production and cancellation of any of the papers. This objection is not well taken. Appellant says he represents all of the holders of such paper. All of the

money is in his hands, and has been by him credited to appellee in bulk as one sum.

It seems to us to be unnecessary to remand this cause simply to correct the comparatively small item of interest upon the sum of $1,067.81 which appellee is decreed to pay to appellant in case the securities be returned to her, as provided by said decree. Appellee may execute and file in this cause in this court within ten days, and for the use of appellant, a stipulation entitled in this cause, promising and providing that in case it shall become the duty, or become the right or privilege of appellee, under said decree, to pay said sum of $1,067.81, that she will pay therewith interest thereon from the first day of October, 1895 (that being the date of the first of said nine loans), and in default thereof that said decree may be set aside, and in lieu thereof a decree be entered in said cause by said Circuit Court in accordance with the prayer of said cross-bill.

If such stipulation be executed and filed by appellee as above provided, and if a stipulation be executed by said Alfred L. Ward and filed in this court as aforesaid, then an order will be entered affirming the decree of the Circuit Court.

Perceiving no error other than such as will be cured by the stipulations aforesaid, the decree of the Circuit Court will be affirmed upon the filing of such stipulations.

Affirmed.